UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA

- v. -

LORENZO RANDALL,
a/k/a "Gucci,"
a/k/a "Lij,"
JUSTIN RIVERA,
a/k/a "Denzel Rivera,"
a/k/a "Bangout,"
a/k/a "Jackie Chan,"
DWAYNE ANTHONY CONLEY,
a/k/a "Taquan Rashad,"
a/k/a "Q,"
a/k/a "Pops,"
RICARDA DIAMOND,
a/k/a "Renee Diamond,"
BRIAN SMITH,
a/k/a "Noe,"
CARL ANDREWS,
a/k/a "Day,"
a/k/a "DaShawn,"
GERALDINE FAUSTIN,
a/k/a "DeeDee,"
FRANKLYN FRANCISCO,
a/k/a "Mafia,"
ANTHONY DARBY,
a/k/a "D-boy,"
KARI PARKER, and
MAGEN MOREAU,
a/k/a "Jazzy,"

Defendants.

------------------------------------x

**SEALED INDICTMENT**

19 Cr._______

19 CRIM 131

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 26 2019

JUDGE ENGELMAYER

**COUNT ONE**

(Conspiracy to Commit Sex Trafficking
by Force, Fraud, or Coercion)

The Grand Jury charges:

1. In or about 2015, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," JUSTIN RIVERA, a/k/a "Denzel Rivera," a/k/a "Bangout," a/k/a "Jackie Chan," DWAYNE ANTHONY CONLEY, a/k/a "Taquan Rashad," a/k/a "Q," a/k/a "Pops," RICARDA DIAMOND, a/k/a "Renee Diamond," and BRIAN SMITH, a/k/a "Noe," the defendants, together with others known and unknown, did willfully and knowingly combine, conspire, confederate, and agree together and with each other to commit sex trafficking, in violation of Title 18, United States Code, Sections 1591(a)(1), (a)(2) and (b).

2. It was a part and an object of the conspiracy that LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," JUSTIN RIVERA, a/k/a "Denzel Rivera," a/k/a "Bangout," a/k/a "Jackie Chan," DWAYNE ANTHONY CONLEY, a/k/a "Taquan Rashad," a/k/a "Q," a/k/a "Pops," RICARDA DIAMOND, a/k/a "Renee Diamond," and BRIAN SMITH, a/k/a "Noe," the defendants, and others known and unknown, knowingly, in and affecting interstate and foreign commerce, would and did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means one and more persons, and did benefit, financially and by receiving things of value, from participation in a venture that

engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause such persons to engage in one and more commercial sex acts.

**Overt Acts**

3. In furtherance of said conspiracy and to effect its illegal object, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about 2015, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," JUSTIN RIVERA, a/k/a "Denzel Rivera," a/k/a "Bangout," a/k/a "Jackie Chan," DWAYNE ANTHONY CONLEY, a/k/a "Taquan Rashad," a/k/a "Q," a/k/a "Pops," and BRIAN SMITH, a/k/a "Noe," the defendants, resided together in a residence ("Residence-1") to which they had no legal title, claim, or interest, and where they harbored and arranged, through advertisements and communications with purchasers of commercial sex acts, for commercial sex acts to be performed by several female persons, including but not limited to Victim-1, Victim-2, and Victim-3.

b. In or about 2015, RANDALL physically harmed and threatened with harm Victim-1, including but not limited to punching, choking, and spitting on Victim-1, and transported

Victim-1 to the Southern District of New York for the purpose of engaging in a commercial sex act.

c. In or about 2015, RIVERA physically harmed and threatened with harm Victim-2, including but not limited to physically assaulting Victim-2 and brandishing a dangerous weapon at Victim-2, and coerced Victim-2 by withholding heroin from Victim-2 unless Victim-2 engaged in commercial sex acts at RIVERA's direction and for RIVERA's profit, with knowledge and understanding that Victim-2 was addicted to heroin.

d. In or about 2015, CONLEY physically harmed and threatened with harm Victim-3, including but not limited to physically assaulting Victim-3, and CONLEY coerced Victim-3 by providing Victim-3 with heroin in exchange for Victim-3 engaging in commercial sex acts on CONLEY's behalf, with knowledge and understanding that Victim-3 was addicted to heroin.

e. In or about 2015, RICARDA DIAMOND, a/k/a "Renee Diamond," provided a vehicle for use by RANDALL to transport Victim-1 to locations where Victim-1 engaged in commercial sex acts.

f. In or about 2015, SMITH arranged for a hotel room to be reserved to harbor female persons, including but not limited to Victim-1, engaging in commercial sex acts on behalf of RANDALL and others known and unknown.

(Title 18, United States Code, Section 1594(c).)

## COUNT TWO

(Conspiracy to Commit Sex Trafficking
by Force, Fraud, or Coercion)

The Grand Jury further charges:

4. From in or about March 2018 up to and including in or about April 2018, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," CARL ANDREWS, a/k/a "Day," a/k/a "DaShawn," GERALDINE FAUSTIN, a/k/a "DeeDee," and FRANKLYN FRANCISCO, a/k/a "Mafia," the defendants, together with others known and unknown, did willfully and knowingly combine, conspire, confederate, and agree together and with each other to commit sex trafficking, in violation of Title 18, United States Code, Sections 1591(a)(1), (a)(2) and (b).

5. It was a part and an object of the conspiracy that LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," CARL ANDREWS, a/k/a "Day," a/k/a "DaShawn," GERALDINE FAUSTIN, a/k/a "DeeDee," and FRANKLYN FRANCISCO, a/k/a "Mafia," the defendants, and others known and unknown, knowingly, in and affecting interstate and foreign commerce, would and did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means one and more persons, and did benefit, financially and by receiving things of value, from participation in a venture that engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, as described in Title 18, United States

Code, Section 1591(e)(2), and a combination of such means would be used to cause such persons to engage in one and more commercial sex acts.

**Overt Acts**

6. In furtherance of said conspiracy and to effect its illegal object, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about March 2018, FRANKLYN FRANCISCO, a/k/a "Mafia," the defendant, with knowledge that a female person, Victim-4, was addicted to controlled substances, recruited Victim-4 to engage in commercial sex acts on behalf of CARL ANDREWS, a/k/a "Day," a/k/a "DaShawn," the defendant.

b. From in or about March 2018 up to and including in or about June 2018, ANDREWS falsely represented to Victim-4 that ANDREWS would compensate Victim-4 financially in exchange for Victim-4 engaging in commercial sex acts on behalf of ANDREWS.

c. From in or about March 2018 up to and including in or about June 2018, ANDREWS withheld controlled substances to which Victim-4 was addicted from Victim-4 unless Victim-4 engaged in commercial sex acts at ANDREWS' direction and for ANDREWS' profit, with knowledge and understanding that Victim-4 was addicted to said controlled substances.

d. From in or about March 2018 up to and including in or about April 2018, ANDREWS posted advertisements on the Internet

offering commercial sex acts by Victim-4 to purchasers of commercial sex acts in the Southern District of New York and elsewhere.

e. In or about March 2018, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," the defendant, reserved a hotel room for the purpose of Victim-4 engaging in a commercial sex act in that hotel room.

f. From in or about March 2018 up to and including in or about April 2018, GERALDINE FAUSTIN, a/k/a "DeeDee," the defendant, knowingly transported Victim-4 to locations where Victim-4 engaged in commercial sex acts.

(Title 18, United States Code, Section 1594(c).)

**COUNT THREE**

(Sex Trafficking by Force, Fraud, or Coercion)

The Grand Jury further charges:

7. In or about 2012, within the Southern District of New York and elsewhere, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means one or more persons, and did benefit, financially and by receiving things of value, from participation in a venture that engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud,

coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause such persons to engage in one or more commercial sex acts, to wit, RANDALL recruited, harbored, transported, provided, obtained, advertised, and maintained a female person, Victim-5, knowing that, and in reckless disregard of the fact that, force, threats of force, fraud, coercion, and a combination of such means, were used to cause Victim-5 to engage in at least one commercial sex act, the proceeds of which were transferred at least in part to RANDALL.

(Title 18, United States Code, Sections 1591(a), (b)(1); 1594(a); and 2.)

**COUNT FOUR**

(Sex Trafficking by Force, Fraud, or Coercion)

The Grand Jury further charges:

8. In or about 2015, within the Southern District of New York and elsewhere, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means one or more persons, and did benefit, financially and by receiving things of value, from participation in a venture that engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section

1591(e)(2), and a combination of such means would be used to cause such persons to engage in one or more commercial sex acts, to wit, RANDALL recruited, harbored, transported, provided, obtained, advertised, and maintained a female person, Victim-1, knowing and in reckless disregard of the fact that force, threats of force, fraud, coercion, and a combination of such means, were used to cause Victim-1 to engage in at least one commercial sex act, the proceeds of which were transferred at least in part to RANDALL.

(Title 18, United States Code, Sections 1591(a), (b)(1); 1594(a); and 2.)

**COUNT FIVE**

(Sex Trafficking by Force, Fraud, or Coercion)

The Grand Jury further charges:

9. In or about 2015, within the Southern District of New York and elsewhere, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means one or more persons, and did benefit, financially and by receiving things of value, from participation in a venture that engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to

cause such persons to engage in one or more commercial sex acts, to wit, RANDALL recruited, harbored, transported, provided, obtained, advertised, and maintained a female person, Victim-6, knowing and in reckless disregard of the fact that force, threats of force, fraud, coercion, and a combination of such means, were used to cause Victim-6 to engage in at least one commercial sex act, the proceeds of which were transferred at least in part to RANDALL.

(Title 18, United States Code, Sections 1591(a), (b)(1); 1594(a); and 2.)

**COUNT SIX**

(Sex Trafficking by Force, Fraud, or Coercion)

The Grand Jury further charges:

10. In or about January 2018 up to and including March 2018, within the Southern District of New York and elsewhere, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means one or more persons, and did benefit, financially and by receiving things of value, from participation in a venture that engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause such persons to engage in one

or more commercial sex acts, to wit, RANDALL recruited, harbored, transported, provided, obtained, advertised, and maintained a female person, Victim-7, knowing and in reckless disregard of the fact that force, threats of force, fraud, coercion, and a combination of such means, were used to cause Victim-7 to engage in at least one commercial sex act, the proceeds of which were transferred at least in part to RANDALL.

(Title 18, United States Code, Sections 1591(a), (b)(1); 1594(a); and 2.)

**COUNT SEVEN**

(Sex Trafficking by Force, Fraud, or Coercion)

The Grand Jury further charges:

11. In or about January 2018 up to and including March 2018, within the Southern District of New York and elsewhere, CARL ANDREWS, a/k/a "Day," a/k/a "DaShawn," the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means one or more persons, and did benefit, financially and by receiving things of value, from participation in a venture that engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause such persons to engage in one or more commercial sex acts, to wit, ANDREWS recruited,

harbored, transported, provided, obtained, advertised, and maintained a female person, Victim-4, knowing and in reckless disregard of the fact that force, threats of force, fraud, coercion, and a combination of such means, were used to cause Victim-4 to engage in at least one commercial sex act, the proceeds of which were transferred at least in part to ANDREWS.

(Title 18, United States Code, Sections 1591(a), (b)(1); 1594(a); and 2.)

**COUNT EIGHT**

(Mann Act)

The Grand Jury further charges:

12. In or about 2015, in the Southern District of New York and elsewhere, ANTHONY DARBY, a/k/a "D-boy," and KARI PARKER, the defendants, did knowingly transport an individual in interstate and foreign commerce, and in a territory and possession of the United States, with intent that such individual engage in prostitution, and a sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, DARBY transported a female person, Victim-8, to multiple states, including New York and Connecticut and through the roadways of the Southern District of New York, with the intent that Victim-8 engage in prostitution in Connecticut.

(Title 18, United States Code, Sections 2421(a) and 2.)

**COUNT NINE**

(Mann Act)

The Grand Jury further charges:

13. In or about 2015, in the Southern District of New York and elsewhere, ANTHONY DARBY, a/k/a "D-boy," and KARI PARKER, the defendants, did knowingly transport an individual in interstate and foreign commerce, and in a territory and possession of the United States, with intent that such individual engage in prostitution, and a sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, DARBY transported a female person, Victim-9, to multiple states, including New York and Connecticut and through the roadways of the Southern District of New York, with the intent that Victim-9 engage in prostitution in Connecticut.

(Title 18, United States Code, Sections 2421(a) and 2.)

**COUNT TEN**

(Mann Act)

The Grand Jury further charges:

14. From in or about 2016 up to and including in or about 2017, in the Southern District of New York and elsewhere, RICARDA DIAMOND, a/k/a "Renee Diamond," the defendant, did knowingly transport an individual in interstate and foreign commerce, and in a territory and possession of the United

States, with intent that such individual engage in prostitution, and a sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, DIAMOND transported a female person, Victim-10, to multiple states, including New York and Connecticut and through the roadways of the Southern District of New York, with the intent that Victim-10 engage in prostitution in Connecticut.

(Title 18, United States Code, Sections 2421(a) and 2.)

**COUNT ELEVEN**

(Conspiracy to Violate the Travel Act)

The Grand Jury further charges:

15. In or about March 2015, in the Southern District of New York and elsewhere, ANTHONY DARBY, a/k/a "D-boy," and MAGEN MOREAU, a/k/a "Jazzy," the defendants, together with others known and unknown, did willfully and knowingly combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, a violation of the Travel Act, in violation of Title 18, United States Code, Section 1952(a).

16. It was a part and an object of the conspiracy that ANTHONY DARBY, a/k/a "D-boy," and MAGEN MOREAU, a/k/a "Jazzy," the defendants, and others known and unknown, knowingly did travel in interstate commerce and did use the mail and a facility in interstate and foreign commerce, with the intent to

promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit, prostitution offenses in violation of the laws of the State in which they were committed and of the United States and thereafter performed and attempted to perform acts to promote, manage, establish and carry on, and to facilitate the promotion, management, and carrying on of such unlawful activity.

## Overt Acts

17. In furtherance of said conspiracy and to effect its illegal object, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about March 2015, MAGEN MOREAU, a/k/a "Jazzy," the defendant, requested assistance from ANTHONY DARBY, a/k/a "D-boy," in publishing advertisements on the Internet offering commercial sex acts.

b. In or about March 2015, DARBY provided advice and instruction to MOREAU concerning the methods and practices involved in publishing advertisements on the Internet offering commercial sex acts.

c. In or about March 2015, DARBY and MOREAU together published advertisements on the Internet offering commercial sex acts to purchasers of commercial sex acts in the Southern District of New York and elsewhere.

(Title 18, United States Code, Section 371.)

**COUNT TWELVE**

(Conspiracy to Violate the Travel Act)

The Grand Jury further charges:

18. In or about 2015, in the Southern District of New York and elsewhere, ANTHONY DARBY, a/k/a "D-boy," and KARI PARKER, the defendants, together with others known and unknown, did willfully and knowingly combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, a violation of the Travel Act, in violation of Title 18, United States Code, Section 1952(a).

19. It was a part and an object of the conspiracy that ANTHONY DARBY, a/k/a "D-boy," and KARI PARKER, the defendants, and others known and unknown, knowingly did travel in interstate and foreign commerce and did use the mail and a facility in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit, prostitution offenses in violation of the laws of the State in which they were committed and of the United

States and thereafter performed and attempted to perform acts to promote, manage, establish and carry on, and to facilitate the promotion, management, and carrying on of such unlawful activity.

**Overt Acts**

20. In furtherance of said conspiracy and to effect its illegal object, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about 2015, KARI PARKER, the defendant, consented to ANTHONY DARBY, a/k/a "D-boy," the defendant, using an account held by PARKER with a classifieds website ("Classifieds Account-1") to publish advertisements on the Internet offering commercial sex acts to purchasers of commercial sex acts in the Southern District of New York and elsewhere.

b. In or about 2015, DARBY used Classifieds Account-1 to publish advertisements offering commercial sex acts to purchasers of commercial sex acts in the Southern District of New York and elsewhere.

(Title 18, United States Code, Section 371.)

**COUNT THIRTEEN**

(Conspiracy to Violate the Travel Act)

The Grand Jury further charges:

21. In or about 2017, in the Southern District of New York and elsewhere, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," the defendant, together with others known and unknown, did willfully and knowingly combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, a violation of the Travel Act, in violation of Title 18, United States Code, Section 1952(a).

22. It was a part and an object of the conspiracy that LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," the defendant, together with others known and unknown, knowingly did travel in interstate and foreign commerce and did use the mail and a facility in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit, prostitution offenses in violation of the laws of the State in which they were committed and of the United States and thereafter performed and attempted to perform acts to promote, manage, establish and carry on, and to facilitate the promotion, management, and carrying on of such unlawful activity.

**Overt Acts**

23. In furtherance of said conspiracy and to effect its illegal object, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about 2017, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," the defendant, using a telephone, directed a co-conspirator not named as a defendant herein ("CC-1") to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of prostitution.

b. In or about 2017, CC-1 published advertisements on the Internet offering commercial sex acts to purchases of commercial sex acts in the Southern District of New York and elsewhere.

(Title 18, United States Code, Section 371.)

**COUNT FOURTEEN**

(Conspiracy to Violate the Travel Act)

The Grand Jury further charges:

24. From in or about March 2018 up to and including in or about April 2018, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," and CARL ANDREWS, a/k/a "Day," a/k/a "DaShawn," the defendants, together with others known and unknown, did willfully and knowingly combine, conspire, confederate, and agree together and with each other to commit an offense against the United States,

to wit, a violation of the Travel Act, in violation of Title 18, United States Code, Section 1952(a).

25. It was a part and an object of the conspiracy that LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," and CARL ANDREWS, a/k/a "Day," a/k/a "DaShawn," the defendants, and others known and unknown, knowingly did travel in interstate and foreign commerce and did use the mail and a facility in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit, prostitution offenses in violation of the laws of the State in which they were committed and of the United States and thereafter performed and attempted to perform acts to promote, manage, establish and carry on, and to facilitate the promotion, management, and carrying on of such unlawful activity.

<u>Overt Acts</u>

26. In furtherance of said conspiracy and to effect its illegal object, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about March 2018, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," the defendant, instructed CARL ANDREWS, a/k/a "Day," a/k/a "DaShawn," the defendant, how to purchase and publish an advertisement for a commercial sex act on the Internet.

b. From in or about March 2018 up to and including in or about April 2018, ANDREWS purchased and published advertisements on the Internet offering commercial sex acts to purchasers of commercial sex acts in the Southern District of New York and elsewhere.

(Title 18, United States Code, Section 371.)

**COUNT FIFTEEN**

(Travel Act)

The Grand Jury further charges:

27. In or about March 2018, in the Southern District of New York and elsewhere, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," the defendant, knowingly did travel in interstate and foreign commerce and did use the mail and a facility in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit, prostitution offenses in violation of the laws of the State in which they were committed and of the United States and thereafter performed and attempted to perform acts to promote, manage, establish and carry on, and to facilitate the promotion, management, and carrying on of such unlawful activity.

(Title 18, United States Code, Section 1952(a) and 2.)

**FORFEITURE ALLEGATIONS**

28. As a result of committing the offense alleged in Count One of this Indictment, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," JUSTIN RIVERA, a/k/a "Denzel Rivera," a/k/a "Bangout," a/k/a "Jackie Chan," DWAYNE ANTHONY CONLEY, a/k/a "Taquan Rashad," a/k/a "Q," a/k/a "Pops," RICARDA DIAMOND a/k/a "Renee Diamond," and BRIAN SMITH a/k/a "Noe," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d), any property, real and personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the offense alleged in Count One, and any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense alleged in Count One, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendants personally obtained.

29. As a result of committing the offense alleged in Count Two of this Indictment, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," CARL ANDREWS, a/k/a "Day," a/k/a "DaShawn," GERALDINE FAUSTIN, a/k/a "DeeDee," and FRANKLYN FRANCISCO, a/k/a "Mafia," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d), any property,

real and personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the offense alleged in Count Two, and any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense alleged in Count Two, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendants personally obtained.

30. As a result of committing the offenses alleged in Counts Three, Four, Five, and Six of this Indictment, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d), any property, real and personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the offenses alleged in Counts Three, Four, Five, and Six, and any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses alleged in Counts Three, Four, Five, and Six, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendants personally obtained.

31. As a result of committing the offense alleged in Count Seven of this Indictment, CARL ANDREWS, a/k/a "Day," a/k/a "DaShawn," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d), any property, real and personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the offense alleged in Count Seven, and any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense alleged in Count Seven, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendants personally obtained.

32. As a result of committing the offenses alleged in Counts Eight and Nine of this Indictment, ANTHONY DARBY, a/k/a "D-boy," and KARI PARKER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offenses; and any and all property, real or personal, that was used or intended to be used to commit or facilitate the commission of said offenses, including but not limited to a sum of money in United States currency representing

the amount of proceeds traceable to the commission of said offenses.

33. As a result of committing the offense alleged in Count Ten of this Indictment, RICARDA DIAMOND, a/k/a "Renee Diamond," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitate the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

34. As a result of committing the offense alleged in Count Eleven of this Indictment, ANTHONY DARBY, a/k/a "D-boy," and MAGEN MOREAU, a/k/a "Jazzy," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitate the commission of said offense, including but not limited to a sum of money in United States currency representing

the amount of proceeds traceable to the commission of said offense.

35. As a result of committing the offense alleged in Count Twelve of this Indictment, ANTHONY DARBY, a/k/a "D-boy," and KARI PARKER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitate the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

36. As a result of committing the offenses alleged in Counts Thirteen, Fourteen, and Fifteen of this Indictment, LORENZO RANDALL, a/k/a "Gucci," a/k/a "Lij," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitate the commission of said offense,

including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

**Substitute Asset Provision**

37. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 2253(b), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 1594, and 2428;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

[signature]
GRAND JURY FOREPERSON

2/26/19

[signature: Geoffrey S. Berman]
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

**LORENZO RANDALL,**
a/k/a "Gucci,"
a/k/a "Lij,"
**JUSTIN RIVERA,**
a/k/a "Denzel Rivera,"
a/k/a "Bangout,"
a/k/a "Jackie Chan,"
**DWAYNE ANTHONY CONLEY,**
a/k/a "Taquan Rashad,"
a/k/a "Q,"
a/k/a "Pops,"
**RICARDA DIAMOND,**
a/k/a "Renee Diamond,"
**BRIAN SMITH,**
a/k/a "Noe,"
**CARL ANDREWS,**
a/k/a "Day,"
a/k/a "DaShawn,"
**GERALDINE FAUSTIN,**
a/k/a "DeeDee,"
**FRANKLYN FRANCISCO,**
a/k/a "Mafia,"
**ANTHONY DARBY,**
a/k/a "D-boy,"
**KARI PARKER, and**
**MAGEN MOREAU,**
a/k/a "Jazzy,"

**Defendants.**

**SEALED INDICTMENT**

19 Cr. ___

Title 18, United States Code, Sections 371, 1591, 1594, 1952, 2421 and 2.)

GEOFFREY S. BERMAN

U.S. Attorney.

**A TRUE BILL**

[signature]

Foreperson